IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                ORDER

        Plaintiff,

                                                06-cr-132-jcs
                                                09-cv-779-bbc

    v.

ROMELLE E. ROSS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Romelle Ross has filed a document titled "Motion/Petition to Redress Grievances as Right Protected by Constitution of USA" dated February 2, 2010.  As I have explained to defendant in a previous order, any motion for reconsideration of his sentence must be filed as a motion pursuant to 28 U.S.C. § 2255.  Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion.  Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is

1

substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." This motion is defendant's third attempt (which tends to explain his effort to avoid labeling it as a § 2255 motion). He filed a motion pursuant to § 2255 on December 28, 2009; that motion was denied in its entirety on January 13, 2010. On January 14, 2010, defendant filed a letter which I construed as motion for reconsideration and which I denied because defendant had not obtained certification from the court of appeals for a second motion. Defendant's latest motion is a third attempt to reconsider his sentence. As before, this court lacks authority to consider the claims raised in his motions without certification by the court of appeals.

ORDER

IT IS ORDERED that defendant's Motion/Petition to Redress Grievances as Right Protected by Constitution of USA" is construed as a motion to vacate or modify a sentence brought pursuant to 28 U.S.C. § 2255 and is DISMISSED because this court lacks the

authority to entertain it.

Entered this 5th day of February, 2010.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge